# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4285 | **DATE** | 10/11/2001 |
| **CASE TITLE** | Federal Insurance Company vs. Mitsui O.S.K. Lines, Ltd., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Northwest's claim for indemnity against Mitsui for its attorney's fees is denied. As the parties have settled the remaining issues raised in Northwest's Motion for Reconsideration [78-1] and Clarification [78-2] the remainder of the motion is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 12 2001 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials KMC | FOR DOCKETING 0: OCT 11 PM 5:43 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FEDERAL INSURANCE COMPANY, )
as subrogee of HEYMAN CORPORATION, )
          )
    Plaintiff, )
          )
v. )  No. 99 C 4285
          )
MITSUI O.S.K. LINES, LTD.; URIE )  Magistrate Judge Nolan
TRANSPORTATION MANAGEMENT )
INC., d/b/a URIE; SUMMERS NORTH- )
WEST EXPRESS, also known as U. S. )
NORTHWEST EXPRESS; and UNION )
PACIFIC RAILROAD COMPANY, )
          )
    Defendants. )

**DOCKETED**

OCT 1 2 2001

## MEMORANDUM OPINION AND ORDER

This is an admiralty and maritime action by Federal Insurance Company ("Federal") as subrogee of Heyman Corporation ("Heyman") for loss of freight being shipped from Macau, China to Vernon Hills, Illinois. This Court conducted a three-day bench trial on February 12, 13, and 14, 2001, and issued its Findings of Fact and Conclusions of Law on July 26, 2001. This matter is currently before the Court on U. S. Northwest Express' ("Northwest") Motion for Reconsideration and Clarification, filed on July 23, 2001. Within that motion, Northwest requested this Court to reconsider various findings it made in its July 26, 2001 Findings of Fact and Conclusions of Law, in which the Court awarded Federal the amount of $59,500, plus customs duty, air freight and charges to ship in the replacement goods by air and prejudgment interest. The Court also awarded Northwest $11,500 against Mitsui plus prejudgment interest and found that Mitsui was entitled to indemnification from Union Pacific Railroad ("UP") for the total amount of the award between Mitsui and Northwest.

On August 21, 2001, Federal and Northwest reported that a settlement had been reached which resolved all outstanding issues between Federal and Northwest raised in the Motion for Reconsideration. The parties agree that the sole issue remaining before this Court is Northwest's claim for indemnity against Mitsui for attorney's fees. Both Mitsui and UP object to Northwest's request for fees, asserting that such an award is not supported by the applicable case law. For the following reasons, the Court finds that Northwest's request for attorney's fees is denied.

## I. Analysis

Northwest contends it is entitled to indemnity from Mitsui for attorney's fees incurred in defending against Federal's claims. In its Proposed Findings of Fact and Conclusions of Law Northwest sought indemnity against Mitsui for its attorney's fees, but Northwest claims that this Court did not reference its claim for indemnity in its July 26, 2001 Findings of Fact and Conclusions of Law.[1] Northwest cites to two cases in support of its claim for indemnity, Insurance Co. of North America v. M/V Ocean Lynx, 901 F.2d 934, 941 (11th Cir. 1990) and SPM Corp. v. M/V Ming Moon, 22 F.3d 523, 526-27 (3d Cir. 1994), asserting that these cases support an award of attorney's fees in this case.

In response, UP and Mitsui argue that the two cases cited by Northwest do not support its claim for indemnity because in both cases, the ocean carrier's bill of lading was identical to the NVOCC's bill of lading, while in this case Northwest was found liable on its own bill of lading for the loss of 119 cartons while Mitsui and UP were held liable for twenty-three lost cartons based upon Mitsui's bill of lading. (July 26, 2001 Findings of Fact and Conclusions of Law at 24.) Both parties also maintain that, contrary to the indemnitor in Ming Moon, Northwest did not, for the most part,

---

[1] However, as noted at the end of this Court's July 26th Order, the Court withheld ruling on the issue of attorney's fees in order to allow further briefing on the issue.

assert defenses which would have benefitted Mitsui and UP. In fact, Mitsui and UP contend that Northwest essentially conceded liability, and that, at trial, it was UP which took the lead in challenging Federal's evidence. UP claims that the only defense Northwest asserted which benefitted Mitsui and UP was Northwest's defense based upon Section 22 of Northwest's bills of lading.[2]

The Court notes initially that in admiralty cases, the general rule is that attorney's fees are not awarded. Ocean Lynx, 901 F.2d at 941 (citing Platoro Ltd. v. Unidentified Remains of a Vessel, 695 F.2d 893, 905 (5th Cir.1983)). However, while the Carriage of Goods by Sea Act ("COGSA") does not explicitly provide for indemnification or for the award of attorney's fees, it does not prohibit them. Ming Moon, 22 F.3d at 525. Furthermore, as asserted by Northwest, the Eleventh Circuit in Ocean Lynx held that "[i]n the case of an indemnitee . . . the indemnitee may recover attorneys' fees from his indemnitor as part of the reasonable expenses of defending a claim." Ocean Lynx, 901 F.2d at 941. The Third Circuit in Ming Moon followed suit by also holding that indemnitees in admiralty are entitled to attorney's fees. Ming Moon, 22 F.3d at 525.

However, while in certain cases an award of attorney's fees could be proper in a COGSA action, the Court finds that the facts of both Ocean Lynx and Ming Moon are distinguishable from the facts of the instant case. In both cases, the courts noted that under COGSA, the carrier treats the non-vessel operating common carrier ("NVOCC") as the customer's agent, although the customer treats the NVOCC as a carrier, finding as a result, that the real parties in interest were the customer/shipper and the ocean carrier. Ocean Lynx, 901 F.2d at 937 n.2, 941. In those cases, the courts found that the NVOCC was interposed between them, but was also a defendant in the same position as the carrier for purposes of the suit. Accordingly, the courts found that the NVOCC had

---

[2] In making this defense, Northwest asserted that a limitation clause in Section 22 of its bills of lading limited its liability to the net invoice cost of the goods. This Court found that the limitation clause was unenforceable against Heyman or its subrogee.

a right to indemnity from the carrier for any liability arising from the carrier's actions. Id. In this case, Northwest was not in the same position as Mitsui and UP for purposes of this suit, as evidenced by the Court's findings in its July 26, 2001 Findings of Fact and Conclusions of Law. In that opinion, the Court awarded $11,500 in favor of Northwest against Mitsui, based upon its finding that the "shipper's load and count" bill of lading issued by Mitsui indicated that shipping container MOLU 0110003 contained 561 cartons, when in fact that container contained only 538 cartons. (July 26, 2001 Findings of Fact and Conclusions of Law at 23, ¶ 32.) The Court awarded Federal the amount of $59,500 against Northwest based on Northwest's bill of lading which showed that container MOLU 0110003 contained 657 cartons. Therefore, Northwest, Mitsui and UP were not all in the same position in terms of liability, and the basis in Ocean Lynx and Ming Moon for awarding attorney's fees against the carrier does not exist in this case.[3]

Moreover, as the court in Ming Moon observed "only attorney's fees relating to defense of a claim properly belonging to the indemnitor may be recovered," Ming Moon, 22 F.3d at 526, and "the costs of prosecuting the indemnity claim itself may not be recovered." Id. In this case, as noted by UP and Mitsui, the Court finds that Northwest's case was primarily directed toward its own claims against Mitsui and UP, and not towards defending against Federal's claim. In the Pre-Trial Order which governed the legal and factual disputes to be resolved at the bench trial, Northwest asserted there to be three issues of law requiring resolution, two of which were fairly minor damages issues.[4] The third issue of law was whether Northwest was entitled to indemnity from Mitsui and

---

[3] The Court also notes that, in Ocean Lynx and Ming Moon, the NVOCC and the carrier were codefendants with one another. However, in this case, Federal dismissed its claims against Mitsui and UP, and Northwest asserted cross-claims against them. Northwest's adversarial role with regard to Mitsui and UP is yet another difference between this case and Ocean Lynx and Ming Moon.

[4] The two issues were the applicability of COGSA's $500 per package limitation and the applicability of the limitation clause in Section 22 of Northwest's bill of lading. The Court did apply the $500 per package limitation but Northwest's limitation clause argument was unsuccessful.

UP, and it is this issue on which Northwest spent the most time, both in its briefing in the Pre-Trial Order and at the bench trial. For example, Northwest's "theory of liability" section in its Trial Brief focused almost exclusively on its indemnity claims against Mitsui and UP. Northwest's defense of Federal's claims was generally limited to its two arguments relating to damages. Therefore, even if the Court found that Northwest was entitled to indemnity for its attorney's fees, the amount of any award would be restricted only to the time it spent in asserting defenses which benefitted UP and Mitsui.

The Court finds that Ocean Lynx and Ming Moon do not support a claim for indemnity against Mitsui for attorney's fees in this case, and therefore, finds that Northwest's request for fees is denied.

## II. CONCLUSION

For the foregoing reasons, Northwest's claim for indemnity against Mitsui for its attorney's fees is DENIED. As the parties have settled the remaining issues raised in Northwest's Motion for Reconsideration and Clarification (Docket Entry #78) the remainder of the motion is DENIED as moot.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated:  OCT 1 1 2001